FILED

SEP 0 1 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**Plaintiff** Lowell A. Green #00518622

V.

Case No. SA23CA1124JKP

**Defendant** Unknown Defendants

_____

please see attached complaint

*(handwritten) Page 1 of 5*

*(handwritten) ① USPS Tracking # 9290 9901 7104 92 nl 2497 77*
*(handwritten) Jon R. Gimble District Clerk 501 Washington Ave*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

*(handwritten) Courthouse Annex*
*(handwritten) Ste 300*

**LOWELL Q. GREEN, TDCJ #00518622**

*(handwritten) Waco, Texas 76701-1373   2D20-2847-3*
*(handwritten) 414th*

    **Plaintiff,**

*(handwritten) District Court McLennan*

    **v.**

*(handwritten) SA-23-CV-0896-JKP*
*(handwritten) County, Texas (Probate Court) McGregor ISD v.*

**JUDGE XAVIER RODRIGUEZ; ET AL.,**

*(handwritten) Jim Williams, Lowell Q. Green,*

    **Defendants.**

*(handwritten) et al.   16.§138.48. was removed.*

*(handwritten) to USDC, No. 5:23-cv-102 (Reason)*

### ORDER OF DISMISSAL

*(handwritten) ③*

Before the Court is *pro se* Plaintiff Lowell Q. Green's ("Green") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court presumes that because Green did not pay the filing fee he seeks leave to proceed *in forma pauperis* ("IFP"). Upon review, the Court orders Green's presumed IFP application **DENIED** and his Complaint **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes rule of 28 U.S.C. § 1915(g). (*Id.*); *see* 28 U.S.C. § 1915(g). The Court further orders that to the extent Green has sought relief pursuant to 28 U.S.C. § 2254, his application for writ of habeas corpus is **DISMISSED FOR WANT OF JURISDICTION** because he has not obtained prior approval to file a successive habeas corpus application. (ECF No. 1); *see* 28 U.S.C. § 2254(b)(3).

*(handwritten) No. 6:19-CV-008*

*(handwritten) ④ 119 Roy Street*  **BACKGROUND** *(handwritten) McGregor, Texas 76657*
*(handwritten) Jan 03, 1994 (25) Years Dec 07, 1999*

In 2013, Green was convicted in McLennan County of three counts of aggravated robbery. He was sentenced to life in prison and is currently being housed at the Connally Unit in Kenedy, Texas. *(handwritten) WR-8D,*

*(handwritten) 99-09 ( 1994-65-2)*  **ANALYSIS** *(handwritten) August 20, 2018*

*(handwritten) ⑤ (70th) Probate Court Foreclosure 119*

**A. Claims Pursuant to § 1983** *(handwritten) Probate Court Foreclosure 119*

**1. Applicable Law** *(handwritten) Street McGregor, Texas 76657,*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring a new civil action or

*(handwritten) ⑥ McCready Law Firm 100 N. 6th*

*(handwritten) Page 1. See other side*

RECEIVED
AUG 2 3 2023
OFFICE OF THE CLERK
SUPREME COURT, U.S.

Streets Waco, Texas 76701 Cause no
2018-2254. Green possess the
Deed. Warden Michael Buther, Po-
lunsky Units. was ordered by
the Court. 10-19-00106-CV Waco
Jon R. Gimble, Lawrence E.
Johnson, City of Waco, City of
McGregor, Kerri L. Green, 811
E. Craven Ave #15 Waco, TX 76707
& Charles J. Jones, Ruby Dennis,
Jose Vargas, McCreery Law Firm
10th District Court December
2019-20 was served. They all
Defaulted. WR-82,984-09 FALSE
Imprisonment ( CIVIL NO.
5C 1940 Justice of the Peace
& Darrell Longino 101 w. Mills
St. Livingston, Texas. Judge
Kaycee Jones signed her name
Page 2!

*Grievance Step 1. No. 20200026984,*
*Code 599 A. Stephenson, Green v. Warden*

Butha

et al., No. 4:18-CV-03975 (S.D. Tex. Oct. 24, 2018) (same); *Green v. Davis, et al.*, No.

6:16-CV-01261-JCB-KNM (E.D. Tex. Aug. 27, 2018) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1),

which authorizes dismissal when action is frivolous, malicious, or fails to state claim upon which relief

may be granted); *Green v. Cooper, et al.*, No. 6:16-CV-01260-RC-KNM (W.D. Tex. Aug. 14, 2018)

(dismissed for failure to state claim upon which relief may be granted); *Green v. State of Tex. Gov't, et al.*,

No. 17-50165 (5th Cir. Nov. 27, 2017) (appeal dismissed as frivolous); *Green v. State of Tex., et al.*, No.

6:17-CV-092-ADA (W.D. Tex. May 18, 2017) (dismissed as frivolous); *Green v. State of Tex. Gov't, et*

*al.*, No. 6:16-CV-424-ADA (W.D. Tex. Feb. 13, 2017) (same); *Green v. Davis, et al.*, No.

6:17-CV-419-ADA (W.D. Tex. Feb. 13, 2017) (same); *Green v. Sapin, et al.*, No. 7:16-CV-00014-O

(N.D. Tex. Feb. 24, 2016) (same); *Green v. Stephens*, No. 4:15-CV-3257 (S.D. Tex. Nov. 5, 2015)

(dismissed for failure to state claim upon which relief may be granted). Therefore, under the three–strikes

rule, Green may not file another civil action IFP while incarcerated unless he is in "imminent danger of

serious physical injury." 28 U.S.C. § 1915(g). In this case, Green has failed to carry his burden.

⑦　　In his most recent Section 1983 Complaint, Green purports to sue Judge Xavier Rodriguez for

dismissing his case pursuant to the three strikes rule. (ECF No. 1). Green contends Judge Rodriguez

committed treason and violated his oath. (*Id.*). Green's claims do not allege specific facts indicating he is

in imminent danger of serious physical injury. *See Miller*, 2016 WL 3267346, at *2. Because Green has

failed to show a real and proximate threat or allege specific facts demonstrating he is in imminent danger

of serious physical injury, the Court finds Green has failed to meet the requirements necessary to avoid

application of the three–strikes rule. *See* 28 U.S.C. § 1915(g). *@ 4:19-cv-942*

*Green v. Warden Michael Buther,*
*et al (SC 1948) (N.D. Tex) Fort*
*Worth (Judge John McBride)*
*(Treason) he did Commit, be-*
*page 3.*

3

*[handwritten at top]* Page 4 of 5

*[handwritten]* ~~Reserved~~ cause he did not pay attention,

~~want of jurisdiction because he failed to obtain the mandatory approval before filing~~

*[handwritten]* ⑥ WR-82-991-09 (Cause 1999-654) DISCHARGED

**IT IS THEREFORE ORDERED** that Green's presumed request to proceed IFP is **DENIED** and

his 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**

pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g). *[handwritten]* (Treason)

*[handwritten]* ⑦ Green is advised his Complaint may be reinstated only if the full filing fee is paid simultaneously

with the filing of a motion to reinstate within thirty (30) days of the date of this Order of Dismissal.

**IT IS FURTHER ORDERED** that to the extent Green seeks relief pursuant to 28 U.S.C. § 2254,

his application (ECF No. 1) is **DISMISSED FOR WANT OF JURISDICTION** because he has not

obtained prior approval to file a successive habeas corpus application.

SIGNED this 24th day of July, 2023.

*[signature]* Jason Pulliam

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

*[handwritten annotations]*

⑨ The $16,138.015 (EXCESSIVE FUNDS) Document is on Clerk Files 5:23-cv-102 (TREASON)

⑩ $48,000.00 (119 Roger) street deed. Green possession and nobody can claim of (T.J. Jones) Estate

⑪ I Demand strict Proof thereof. I Demand to Proof of any Conviction In McLennan County, arrested

Page 4, see other side

January 02, 1994 ( WR-82,901-09)

Cause no. 1994-659-C December

07, 1994 (illegal No "Crack Cocaine"

John Segrest McLennan County

Criminal District Attorney. Public Defen-

der Russell D. Hunt, Sr. 424 Austin

Ave # 1201 Waco, Texas 76701

(12) Judge George Allen (25 years

(illegal) Judgment No enhance

ments, Treason. WR-82,901-09

Aug. 20, 2018 Dist. Atty Barry N. Johnson,

Gabriel Price, Clare Daniels,

Lt. Ron Curry McGregor Police,

Judge Matt Johnson, Clerk Jon

Jon R. Gimble (TREASON)

(13) 28 USC No. 4:20-cv-0005I

S.D.Tx Houston Jan. 03, 2019 Judge Gray

H. Miller. Treason, Ken Paxton, Appeared

42 USC § 9613 (g)(2) Collateral Estoppel

Lowell Green 8/18/23 (illegality),

Lowell Green # 5186222    Page 5,